IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KARL L. KING, | ) | Case No. 1:22-CV-00713 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| FEDERAL BUREAU OF PRISONS, | ) | |
| *et.al.*, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Respondents. | ) | |
| | ) | |

On June 2, 2022, petitioner Karl L. King moved to voluntarily dismiss his petition for a writ of habeas corpus, under 28 U.S.C. § 2241, without prejudice and for the forms he requires to file a legal malpractice claim. *See* ECF Doc. 4. King moves for his petition to be dismissed because his petition is moot based on his release from prison on August 28, 2022. *See* ECF Doc. 4 at 1. For the following reasons, I recommend that King's motion to dismiss be denied in part, as to his request for legal forms, and granted in part, as to the dismissal of his petition.

Under 28 U.S.C. § 2241(c), the "writ of habeas corpus shall not extend to a prisoner unless . . . . [h]e is in custody. . . ." 28 U.S.C. § 2241(c). Although the determination of whether a habeas petitioner is "in custody" for jurisdictional purposes occurs at the time the petitioner files his petition, *see Presier v. Rodriquez*, 411 U.S. 475, 484 (1973), a petitioner's release after filing an petition may moot his case. *See Lee v. Rios*, 360 F. App'x 625, 628 n.2 (6th Cir. 2010). In other words, the prisoner's release may make it so that the "issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *See Gentry v. Deuth*, 456

F.3d 687, 693 (6th Cir. 2006). Following his release from incarceration, a petitioner's claim may continue to present a live controversy, if the petitioner challenges some "collateral consequence" of the conviction, which is likely to be redressed by a favorable judicial decision. *See id.* at 693-94; *see also Thabet v. Adducci*, No. 4:18-CV-611, 2018 U.S. Dist. LEXIS 152034, at *6 (N.D. Ohio July 23, 2018) ("To have an existing case or controversy, Petitioner, throughout the litigation, must have suffered, or be[en] threatened with, an actual injury traceable to the [Respondent] and likely to be redressed by a favorable judicial decision." (internal quotation marks omitted)). Accordingly, challenges to a petitioner's conditions of confinement, after the petitioner's release, are "almost necessarily moot, for courts normally cannot offer any habeas redress in such circumstances." *See Gentry*, 456 F.3d at 694.

King has correctly identified that his petition is moot and is due to be dismissed. On May 2, 2022, King filed a petition under § 2241 seeking to be relocated to a facility that could provide all of the treatment the court ordered at his sentencing and additional educational programs, which he had yet to be provided or was denied the opportunity to receive. *See* ECF Doc. 1 at 2-7. He also sought to serve a portion of his sentence in home confinement. ECF Doc. 1 at 3-4. But on August 26, 2022, King was released from prison.[1] Because King's allegations exclusively challenged the conditions of his confinement, and he is no longer confined, the court no longer has the ability to redress King's claims. *See Thabet*, 2018 U.S. Dist. LEXIS 152034, at *6. Accordingly, the court is unable to grant the requested relief and King's petition is moot. *See Gentry*, 456 F.3d at 694.

---

[1] The envelop attached to King's motion identified his Bureau of Prison's ("BOP") registration number as "18798-051." *See* ECF Doc. 4-1. Searching this number in the BOP's inmate search, available at https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results, identifies only one "Karl L King," who was released on August 26, 2022.

2

As to King's request for the documents required to file a legal malpractice claim, such a request must be made to the clerk for the appropriate court he seeks to file in. Accordingly, because King's petition has become moot in light of his release, I recommend that his motion to dismiss his petition (ECF Doc. 4) be GRANTED IN PART, as to the dismissal of his petition, and DENIED IN PART, as to his request for legal forms.

Dated: September 19, 2022

Thomas M. Parker
United States Magistrate Judge

_____

**Objections, Review, and Appeal**

Within 14 days after being served with a copy of this report and recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the magistrate judge. Rule 72(b)(2), Federal Rules of Civil Procedure; *see also* 28 U.S.C. § 636(b)(1); Local Rule 72.3(b). Properly asserted objections shall be reviewed de novo by the assigned district judge.

* * *

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 U.S. Dist. LEXIS 100383, *6 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).

3